**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 16-345; 16-361

**Caption [use short title]:** Catskill Mountainkeeper, et al v. Federal Energy Regulatory Commission; Stop the Pipeline v. Federal Energy Regulatory Commission

**Motion for:** Leave to file a sealed brief and a separate sealed appendix

Set forth below precise, complete statement of relief sought:

STP's brief references documents designated as confidential or privileged in ther FERC proceedings below, and accordingly STP seeks to file a sealed version of its brief and a separate sealed appendix.

**MOVING PARTY:** Stop the Pipelin
☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**OPPOSING PARTY:** None

**MOVING ATTORNEY:** Todd D. Ommen
**OPPOSING ATTORNEY:** None
[name of attorney, with firm, address, phone number and e-mail]

Pace Environmental Litigation Clinic, Inc.
78 N. Broadway, White Plains, NY 10603
914-422-4343; tommen@law.pace.edu

**Court-Judge/Agency appealed from:** FERC

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☑ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:

**Signature of Moving Attorney:**
s/ Todd D. Ommen   **Date:** 7-8-2016   **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# In the United States Court of Appeals for the Second Circuit

| | |
|---|---|
| Catskill Mountainkeeper, Inc.;<br>Clean Air Council;<br>Delaware-Otsego Audubon Society, Inc.;<br>Riverkeeper, Inc.; and Sierra Club,<br><br>*Petitioners*,<br><br>Stop the Pipeline,<br>*Petitioner*<br><br>v.<br><br>Federal Energy Regulatory Commission,<br><br>*Respondent*<br><br>Constitution Pipeline Co., LLC;<br>Iroquois Gas Transmission System, L.P.;<br>and Natural Gas Supply Association,<br><br>*Intervenors* | 16-345 (Lead)<br>16-361 (Consolidated)<br><br><br><br>**UNOPPOSED MOTION TO SUBMIT SEALED BRIEF AND SEALED APPENDIX** |

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Second Circuit Local Rules 25.1(a)(1)(E) and 27.1, Petitioner Stop the Pipeline ("STP") respectfully moves this Court to file a sealed brief and four documents in a sealed appendix attached to the sealed brief. STP will file a redacted version of the brief on July 12, 2016, in accordance with the briefing schedule, even though Local Rule 27.1(j)(2) allows seven days for filing a redacted version. Pursuant to Local Rule 27.1(b), STP has informed the other parties in this proceeding of its intent to

file this motion, and all have indicated that they do not oppose this motion and do not intend to file a response to it.

Respondent Federal Energy Regulatory Commission ("FERC" or "Commission") maintains a docket that includes three categories of filed documents: (1) public; (2) privileged; and (3) Critical Energy Infrastructure Information ("CEII"). Intervenor Constitution Pipeline Company, LLC ("Company") submitted an application that included both privileged and CEII documents. During the course of the proceedings in front of the Commission, attorneys for STP acquired privileged market data from the Company (R. 1-004, Exhibit I) and CEII flow diagrams from FERC (R. 1-004, Exhibits G and GII). In addition, STP filed its request for rehearing as a CEII document, (R. 2094), as it included discussion of the CEII information that had been obtained from FERC.

STP refers to these four documents in the brief it expects to submit to this Court on July 12, 2016, but those documents cannot be included in the joint appendix when it is filed. To solve this problem, STP wishes to include them in a sealed appendix on July 12, 2016. In addition, in order to develop its argument, STP discusses some of the CEII material in the body of its brief. This information has been incorporated to make a critical point, but the amount of text that will have to be redacted is less than one page long. In that sense, none of the parties should be prejudiced if they don't have access to this redacted material on July 12, 2016.

This Court has discretion to control and seal, if necessary, records and files. *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). In deciding whether to seal documents, the Court should "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id.* Each of the documents that STP seeks to file or reference under seal here has been designated as CEII or privileged in the FERC proceedings. STP does not control that process or make those designations, but STP is obligated to honor and protect the determinations of confidentiality and CEII information by filing such documents under seal.

Nor can STP control which parties have access, or can gain access, to these sealed documents. That said, the Commission maintains the docket below, so the Respondent has access to all of the privileged and CEII documents. The Company submitted three of the four documents as part of its application, and requested the CEII version of STP's request for rehearing in January 2015, so it too has access to all the information to be filed under seal. Intervenors Iroquois Gas Transmission System, L.P. ("Iroquois") and Natural Gas Supply Association ("NGSA") would have to request permission to view the market data from the Company, and the flow data and STP's request for rehearing from FERC, so there is a process by which they, too, can obtain the information to be filed under seal. Finally,

3

Petitioners Catskill Mountainkeeper, Inc., Clean Air Council, Delaware-Otsego Audubon Society, Inc., Riverkeeper, Inc., and Sierra Club do not have to respond to this privileged and CEII information, so there is no reason for them to require access to any of the sealed documents. STP will not object to Intervenors viewing its sealed brief.

In sum, each of the parties to these proceedings either has access to, can obtain access to, or does not require access to the documents and information STP wishes to file under seal. Accordingly, no prejudice will result from granting this motion.

STP respectfully asks this Court to grant this motion on Monday, July 11, 2016 so that its brief can be finalized and submitted on Tuesday, July 12, 2016.

                Respectfully submitted,

                s/ TODD D. OMMEN
                TODD D. OMMEN
                KARL S. COPLAN
                ANNE MARIE GARTI
                PACE ENVIRONMENTAL LITIGATION CLINIC, INC.
                78 North Broadway
                White Plains, New York 10603
                (914) 422-4343

                *Attorneys for Petitioner Stop the Pipeline*

Dated: July 8, 2016
White Plains, New York