FEDERAL ENERGY REGULATORY COMMISSION
WASHINGTON, D.C. 20426

November 14, 2016

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Catskill Mountainkeeper*, *et al.* v. *FERC*, Case No. 16-345, *et al.*
Rule 28(j) Supplemental Authority
Oral Argument Has Not Been Scheduled

Dear Clerk Wolfe:

Pursuant to Federal Rule of Appellate Procedure 28(j), this letter submits as supplemental authority the D.C. Circuit's recent decision in *Sierra Club v. FERC*, No. 15-1133 (D.C. Cir. Nov. 4, 2016) (unpublished) (attached).

The D.C. Circuit's recent *Sierra Club* decision, in a case brought by one of the petitioners here (Sierra Club), rejects two arguments identical to arguments raised before this Court by the Catskill Mountainkeeper petitioners. As discussed below, the D.C. Circuit relies on its prior decisions, which are cited in the Commission's brief before this Court. *See* FERC Br. 40-47, 56-57.

First, in *Sierra Club*, the D.C. Circuit once again rejected arguments that the Commission inadequately considered cumulative and indirect impacts of a natural gas infrastructure project, including potential increases in natural gas production. *See* slip op. at 1 (citing *Sierra Club v. FERC*, 827 F.3d 36, 47, 50 (D.C. Cir. 2016) (affirming FERC finding that natural gas production is not an indirect impact of the project and holding that FERC adequately considered cumulative impacts in the region)); *see also* FERC Br. 40, 47 (discussing *Sierra Club*, 827 F.3d 36 (designated *Sierra Club-Freeport*)).

Second, in *Sierra Club*, the D.C. Circuit once again rejected challenges to the Commission's consideration of greenhouse gas emissions. *See* slip op. at 2. In particular, the Court explained that it "has already considered and rejected identical arguments relating to the social cost of carbon" – the same arguments Catskill

Mountainkeeper raises here. *Id*. (citing *EarthReports, Inc. v. FERC*, 828 F.3d 949, 956 (D.C. Cir. 2016)); *see also* FERC Br. 56-57 (explaining that the Commission here relied on the approach to greenhouse gas emissions that the D.C. Circuit affirmed in *EarthReports*); *cf.* Catskill Mountainkeeper Reply Br. 24 n.37 (claiming that *EarthReports* was wrongly decided).

        Respectfully submitted,

        /s/ *Holly E. Cafer*
        Holly E. Cafer

        Counsel for Respondent Federal Energy
        Regulatory Commission

| | |
|---|---|
| *Catskill Mountainkeeper, Inc., et al.* *v. FERC* **2nd Cir. Nos. 16-345 and 16-361** | Docket Nos. CP13-499, CP13-502 |

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d) and Circuit Rule 25.1(h), I hereby certify that I have, this 14th day of November, 2016, filed the foregoing via the Court's CM/ECF system and served it upon the counsel listed below through the Court's CM/ECF system:

Karl Stephen Coplan
Pace University
Environmental Litigation Clinic, Inc.
78 North Broadway
White Plains, NY 10603

Mary Lisanne Crowley
Kurt Hazlett Jacobs
Troutman Sanders LLP
401 19th St., NW, Suite 1000
Washington, DC 20004

Christine Ernst
Deborah Goldberg
Moneen Susan Nasmith
Earthjustice
48 Wall St., 19th Floor
New York, NY 10005

Anne Marie Garti
Anne Marie Garti, Esq.
P.O. Box 15
Bronx, NY 10005

Pamela Stacy Goodwin
Saul Ewing LLP
650 College Rd. East, Suite 4000
Princeton, NJ 08540

Kenneth T. Kristl
Widener Environmental Clinic
4601 Concord Pike
Wilmington, DE 19083

John Longstreth
K&L Gates LLP
1601 K St., NW
Washington, DC 20006

Todd D. Ommen
Pace University School of Law
Pace Environmental Law Clinic
78 North Broadway
White Plains, NY 10603

John F. Stoviak  
Saul Ewing LLP  
1500 Market St., 38th Floor  
Center Square West  
Philadelphia, PA  19012  

Elizabeth Utz Witmer  
Saul Ewing LLP  
1200 Liberty Ridge Dr., Suite 200  
Wayne, PA  19087  

*/s/ Holly E. Cafer*  
Holly E. Cafer  
Senior Attorney  

Federal Energy Regulatory  
 Commission  
Washington, DC  20426  
Tel:  (202) 502-8485  
Fax:  (202) 273-0901  
Email:  holly.cafer@ferc.gov

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 15-1133**                                                              **September Term, 2016**

FILED ON: NOVEMBER 4, 2016

SIERRA CLUB,
        PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
        RESPONDENT

AMERICAN PETROLEUM INSTITUTE, *ET AL.*,
        INTERVENORS FOR RESPONDENT

On petition for review of orders of the
Federal Energy Regulatory Commission

**BEFORE**: BROWN, MILLETT, and WILKINS, *Circuit Judges*.

## J U D G M E N T

This petition was considered on the record from the Federal Energy Regulatory Commission and was briefed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the petition for review be denied. This Court has explicitly rejected Petitioner's arguments regarding the Commission's consideration of the Corpus Christi projects' indirect and cumulative effects under the National Environmental Policy Act ("NEPA"). Regarding the indirect effects of natural gas exports, "the Commission's NEPA analysis did not have to address the indirect effects of the anticipated *export* of natural gas . . . because the Department of Energy, not the Commission, has sole authority to license the export of any natural gas." *Sierra Club v. FERC*, 827 F.3d 36, 47 (D.C. Cir. 2016). As to the cumulative effects, "[a] NEPA cumulative-impact analysis need only consider the effect of the current project[s] along with any other past, present or likely future actions *in the same geographic area* as the project[s] under review." *Id.* at 50. This is exactly what the Commission did in this case, so it did not err.

Additionally, the Commission did not violate the hard look doctrine. This Court will uphold an agency's discussion of alternatives "so long as the alternatives are reasonable and the agency discusses them in reasonable detail." *Citizens Against Burlington, Inc. v. Busey*, 938 F.2d 190, 196 (D.C. Cir. 1991). Here, the Commission reasonably concluded electric motors were not an appropriate alternative because they would result in additional environmental impacts, raised reliability concerns, and were unnecessary to meet the EPA's air quality standards. Thus, the Commission did not violate the hard look doctrine.

Finally, Petitioner's arguments regarding greenhouse gas emissions have no merit. This Court has already considered and rejected identical arguments relating to the social cost of carbon. *See EarthReports, Inc. v. FERC*, 828 F.3d 949, 956 (D.C. Cir. 2016). The same is true of Petitioner's arguments for using the projects' consistency with federal greenhouse gas emission reduction goals as a tool. This argument simply restates Petitioner's arguments regarding cumulative impacts, which this Court has rejected. *Sierra Club*, 827 F.3d at 50; *see also WildEarth Guardians v. Jewell*, 738 F.3d 298, 309–11 (D.C. Cir. 2013).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for hearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/

Ken Meadows
Deputy Clerk